## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ALONZO METRO HUNTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | NO. _____ |
| | § | |
| **MCOM ASSET REVIVAL MANAGEMENT** | § | **JURY DEMANDED** |
| **LLC AND MEHTA INVESTMENTS LTD.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff, Alonzo Metro Hunter ("Plaintiff") files this Original Complaint against Defendants MCOM Asset Revival Management LLC [MCOM] and Mehta Investments LTD. [MEHTA] and would respectfully show as follows:

### A.     PARTIES

1.     The Plaintiff is Alonzo Metro Hunter. He is a resident of Houston, Texas. Plaintiff was employed by Defendants within the meaning of the FLSA.

2.     MCOM is a domestic, for-profit, limited liability company with its principal place of business in the state of Texas, engaged in commerce and is subject to the FLSA.  MCOM may be served with process by serving its registered agent for service of process: Mehta Management, LLC, 1000 West Oaks Mall, Management Office, Houston, Texas 77082.

3.      MCOM is in the business of managing the commercial property known as the West Oaks Mall located at 1000 West Oaks Mall, Houston, Texas 77082. At all times relevant to this lawsuit, MCOM has been engaged in interstate commerce, and/or has managed an enterprise engaged in the production of goods for commerce. MCOM employs individuals, like Plaintiff, while engaged in commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, the gross operating revenues of MCOM exceeded $500,000.00 annually.

4.      MEHTA is a domestic limited partnership with its principal place of business in the state of Texas, engaged in commerce and is subject to the FLSA. MEHTA may be served with process by serving its registered agent for service of process, Sunil K. Mehta, 6701 Tres Lagunas Dr., Houston, Texas 77083.

5.      MEHTA was, at all pertinent times, engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203.  Upon information and belief, West Oaks Mall is owned by MEHTA and the mall had gross sales or business done which was in excess of $500,000.00 annually during Mr. Hunter's employment.

## B.      JURISDICTION

6.      This court has subject matter jurisdiction of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA"). This case presents a federal question.

## C.      VENUE

7.      Pursuant to 28 U.S.C. §1391(b)(1) & (2), venue for this suit is proper in this district

and division because it is the district and division in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to the claim occurred.

### D.    FACTS

8.    West Oaks Mall is a regional shopping center located in the Alief area on the west side of Houston, Texas. The mall includes outlets and stores operated by both local retailers as well as by national retail chains. Upon information and belief, the mall is owned by MEHTA and managed by MCOM. MCOM has stated that it hired Mr. Hunter to work as a security guard at the subject property and that his employment began in June 2019. At that time, he was provided with a uniform and badge by his employers which identified him as a member of West Oaks Security.

9.    At all times relevant to his claims, Mr. Hunter worked as a security guard acting under the direction and control of Defendants. As such, he was required to follow a daily work schedule posted by his employers which required his attendance at the mall seven days a week for up to twelve hours a day. His primary job duties consisted of conducting foot patrols of the mall's interior spaces and vehicle patrols of its exterior. For purposes of conducting his onsite patrols, Plaintiff's employer provided him with a company owned vehicle that carried the logo "West Oaks Security." Mr. Hunter was required to prepare and file a vehicle mileage log which had to be submitted to his employer at the end of his shift along with the keys to the vehicle. His employers constantly updated his patrol responsibilities through bulletin board notices posted in the employer supplied and maintained security office.

10.    During his employment, Mr. Hunter was required to clock-in and clock-out and comply with all scheduled work hours set by Defendants and paid an hourly wage of $12.50. Mr. Hunter was routinely required to work in excess of forty hours per week by his employers. His 2019 earnings of $23,638.41 were reported by MEHTA on an IRS Form 1099-MISC. The filed

3

form reflected that MEHTA was the payer of the compensation. However, some of his paycheck stubs indicate that payroll payments were also being made by MCOM.

11.     Mr. Hunter's duties did not include either the management or supervision of Defendants' other employees or security officers. Rather, Plaintiff spent most of his workday walking the premises ensuring the security of property and personnel in accordance with his assigned security tasks. As a security guard, he had no supervisory duties and was neither asked nor required by his employers to make suggestions and/or recommendations as to the hiring, firing, promotion, or other change of status of Defendants' other employees. During his employment, Mr. Hunter was closely supervised by Defendants, who instructed him on his daily tasks and controlled and directed his work.

12.     There was no agreement between Plaintiff and Defendants that his wages were intended to compensate him for hours worked in excess of forty (40). Mr. Hunter's duties did not involve the performance of office work directly related to the management or business operations of the Defendants, nor did it involve the performance of non-manual labor directly related to the management or business operations of Defendants or their customers. Plaintiff was required to follow the policies and procedures set forth by the Defendants in performing his regular duties and did not exercise discretion and independent judgment over the implementation of same when performing his assigned tasks. Lastly, Plaintiff was not credited with all the hours he worked.

13.     When Plaintiff complained about his employers' failure to pay him overtime in connection with his employment, he was terminated.

### E.     CAUSES OF ACTION

### COUNT 1—VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

4

14.     The Plaintiff incorporates within Count 1 all the factual allegations set forth in paragraphs 1-13, *supra*.

15.     At all relevant times, Defendants have been and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants employed and/or continued to employ employees, including Plaintiff, who have been and/or continue to be engaged in interstate commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendants had gross operating revenues in excess of $500,000.

16.     The FLSA requires Defendants, as covered employers, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

17.     Plaintiff was misclassified as an independent contractor instead of an employee and therefore, he is entitled to compensation for all hours worked, and for all overtime hours worked. Defendants, pursuant to their policies and practices, failed and refused to compensate Plaintiff for work he performed in excess of forty (40) hours per week.

18.     The Defendants violated §207 of the FLSA by employing the Plaintiff in any workweek, where he was engaged in and/or employed in an enterprise engaged in commerce or the production of goods for commerce for a workweek in excess of 40 hours, and by not compensating him for work hours in excess of 40 hours at a rate of not less than one and one-half times the regular rate at which he was employed.  *See* 29 U.S.C. §207(a)(1). Defendants knowingly, willfully or in reckless disregard of their legal duties carried out their illegal patterns

or practices of failing to pay the Plaintiff all his wages and overtime compensation for hours worked per week in excess of 40. The decision made by the Defendants to withhold overtime pay from the Plaintiff was not reasonable nor in good faith. Accordingly, the Plaintiff is entitled to his unpaid wages and overtime compensation, liquidated damages in an amount equal to his unpaid wages and overtime compensation, as provided by law and which he seeks from the Defendants by this suit.

19.     Pursuant to the FLSA, the Plaintiff also seeks recovery of his reasonable and necessary costs, expenses and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit, and such other legal and equitable relief to which he is justly entitled.

20.     The overtime work performed by Plaintiff was required by Defendants, for the benefit of Defendant, and was directly related to Plaintiff's principal employment with Defendants and was an integral and indispensable part of his employment with Defendants.

21.     The FLSA requires employees like Defendants to maintain accurate records of all hours worked. By failing to record, report, and/or preserve records of all hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records in violation of 29 U.S.C. §201 et seq., including 29 U.S.C. §§211(c) and 215(a).  These violations were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

22.     As a result of Defendants' actions, Plaintiff sustained damages. The exact amount of Plaintiff's damages is unknown at this time and will be calculated when Defendants disclose Plaintiff's payroll records. However, based upon a conservative calculation, Plaintiff is estimated to have sustained lost overtime wages of at least $318.00 per week for the past 36 weeks of his employment for a total of $11,448.00 in unpaid overtime. The FLSA provides that any employer who violates the Act shall be liable for unpaid overtime pay, plus "an additional equal amount as

liquidated damages." See 29 U.S.C. §216(b). The liquidated damages bring the total owed to at least $22,896.00. The FLSA also requires an employer who violates the Act to pay the employee's attorney's fees.

## COUNT 2—RETALIATION FOR COMPLAINING ABOUT FLSA VIOLATION

23.     Plaintiff Alonzo Metro Hunter incorporates within Count 2 all the factual allegations set forth in paragraphs 1-22, *supra.*

24.     By complaining to the Defendants about its wage practices with respect to its failure to pay him overtime and for all hours he worked, the Plaintiff participated in protected activity under the FLSA. When the Defendants fired the Plaintiff within days of his protected activity, the Plaintiff was subjected to an adverse employment action. There is a causal link between the protected activity and the adverse action because (1) there is close temporal proximity between the protected activity and the adverse action; and (2) no other reason was provided by the Defendants in connection with their decision to terminate Plaintiff.  Plaintiff would show that he engaged in no work-related misconduct and was terminated shortly after complaining of the Defendants' violation of the FLSA.

25.     By this suit, the Plaintiff seeks to recover from the Defendants all of his lost wages and benefits in the past, lost wages and benefits in the future, damages for mental anguish, exemplary damages, and all other elements of damages provided by law.

26.     Pursuant to the FLSA, the Plaintiff also seeks recovery of his reasonable and necessary costs and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit.

## F.     JURY DEMAND

27.     Plaintiff hereby requests a trial by jury.

## PRAYER

For these reasons, Plaintiff Alonzo Metro Hunter respectfully requests that Defendants be cited to appear and answer herein and that, following final hearing, he be awarded all of his unpaid back wages, unpaid overtime, liquidated damages, all of his lost wages and benefits in the past, lost wages and benefits in the future, damages for mental anguish, exemplary damages, and all of the elements of damages provided by law, costs, attorney's fees, post-judgment interest, and for such other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

/s/John A. Sullivan, III
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
ALONZO METRO HUNTER

OF COUNSEL:
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)
and
THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
9894 Bissonnet Street, Suite 865
Houston, Texas 77036
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)